UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORAN, <br><br> Plaintiff, <br><br> v. <br><br> BONDI SANDS (USA) INC., et al., <br><br> Defendants. | Case No. 21-cv-07961-JSW <br><br> **ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS AND SETTING INITIAL CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 29 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Bondi Sands (USA), Inc. ("Bondi Sands").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court also has granted the parties' stipulation allowing Plaintiff, Michelle Moran ("Moran"), to file a second amended complaint. For the reasons that follow, the Court HEREBY GRANTS, IN PART, AND DENIES, IN PART, Bondi Sands' motion.

**BACKGROUND**

In the summer of 2021, Moran purchased can of Bondi Sands' aerosol fragrance-free sunscreen ("Purchased Product" or the "Product"). (First Amended Class Action Complaint ("FACC"), ¶ 8, Ex. 1-5.) The front label of the Purchased Product includes the phrase "Reef Friendly." (*Id.*, Ex. 1-5.) Moran alleges that the term Reef Friendly "led her to believe that the [Purchased] Product's ingredients were all reef-safe and otherwise could not harm reefs, including the coral reefs and marine life that inhabits and depends on them." (*Id.* ¶ 8.)

---

[1] This case is one of seven cases Plaintiff's counsel has filed that challenge the terms "Reef Friendly" or "Reef Safe" on sunscreen products, including another case filed on Moran's behalf. *See, e.g., Moran v. Edgewell Personal Care, Inc.*, No. 21-cv-07669-RS.

1

1   According to Moran, the Purchased Product, and other similar products containing the
2   Reef Friendly statement (collectively "Bondi Sands' Products"), actually contain chemical
3   ingredients, such as avobenzone, homoslate, octisalate, and/or octorylene, which "are not safe for
4   reefs because they can harm and/or kill reefs, including the coral reefs and the marine life that
5   inhabits or depends on them."[2] (*Id.* ¶ 3; *see also id.* ¶¶ 24-28.) Moran alleges she was not aware
6   of that fact when she purchased the Product, and would not have purchased the Product, or would
7   have paid substantially less for it, had she known the truth. (*Id.* ¶¶ 8, 72). Moran also alleges that
8   she continues to see Bondi Sands' Products that use Reef Friendly on the labels. She would like to
9   purchase them in the future, if that representation was true, but because she does not "possess any
10  specialized knowledge, skill, experience, or education in sun care products," she has no way to
11  determine the truth. (*Id.*; *see also id.* ¶ 9.)

12  Based on these and additional allegations that the Court will address in the analysis, Moran
13  seeks relief on behalf of herself and putative classes for violations under each prong of
14  California's Unfair Competition Law (the "UCL Claim"), for violations of California's False
15  Advertising Law (the "FAL Claim"), for violations California's Consumer Legal Remedies Act
16  (the "CLRA Claim"), for breach of warranty, and for unjust enrichment.

17  **ANALYSIS**

18  **A.   The Court Denies Bondi Sands' Motion to Invoke the Primary Jurisdiction Doctrine.**

19  Bondi Sands moves to dismiss or stay pursuant to the primary jurisdiction doctrine. "The
20  primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without
21  prejudice pending the resolution of an issue within the special competence of an administrative
22  agency." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008). It is a "prudential"
23  doctrine "under which a court determines that an otherwise cognizable claim implicates technical
24  and policy questions that should be addressed in the first instance by the agency with regulatory
25  authority over the relevant industry rather than by the judicial branch." *Id.* It is "not designed to

---

[2]   Moran included Bondi Sands' Hydra UV Protect products in the FAC. Bondi Sands moved to dismiss on the basis that those products are sold only in Australia. Based on that representation, the parties have formally stipulated that Moran will withdraw her claims relating to those products and will amend the FACC accordingly.

secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Id.*

The determination of whether an action should be stayed pursuant to the primary jurisdiction doctrine is a matter for the Court's discretion. *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002). In considering this issue, courts have "traditionally employed such factors as (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* (citing *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)).

The Food and Drug Administration ("FDA") has promulgated regulations and labelling requirements for over the counter ("OTC") sunscreens. Bondi Sands also notes Congress is considering legislation that would require the FDA, in consultation with other agencies, to develop labelling requirements for the term "Reef Safe." The legislation was introduced in July 2021 and, to date, has not been passed. Each version of the proposed bill also provides the FDA with at least two-years from the date the law is enacted to develop those requirements.[3] Moran does not seriously dispute that this is an area that would fall within the FDA's expertise and that it has not yet been addressed. However, "primary jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Astiana v. Hain Celestial Gp., Inc.*, 783 F.3d 753, 760-61 (9th Cir. 2015) (internal citations and quotations omitted). "[E]fficiency is the deciding factor in whether to invoke primary jurisdiction."

In one of the other cases that Moran's counsel has filed in this District, the court considered this issue and determined that, at this juncture, action by the FDA appeared too remote to warrant invocation of the doctrine. *White v. The Kroger Co.*, No. 21-cv-08004-RS, 2022 WL 888657, at *2-3 (N.D. Cal. Mar. 25, 2022). The Court concurs and, in light of that uncertainty,

---

[3]   *See* https://www.congress.gov/bill/117th-congress/house-bill/4800/text (last visited April 29, 2022); https://www.congress.gov/bill/117th-congress/senate-bill/2546/text (last visited April 29, 2022).

3

1  concludes invoking the doctrine would not be efficient.

2  Accordingly, the Court DENIES, IN PART, Bondi Sands' motion on that basis.

3  **B.  The Court Denies Bondi Sands' Motion to Dismiss Based on FDCA Preemption.**

4  Bondi Sands also argues Moran's claims are preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. sections 301, *et seq.* The FDCA contains a preemption provision, which provides that "no State ... may establish or continue in effect any requirement ... that is different from or in addition to, or that is otherwise not identical with a requirement under the [FDCA]." 21 U.S.C. § 379r(a)(2). The FDA's regulations governing OTC sunscreen do not currently address environmental claims.

Moran argues she asks only that the Reef Friendly phrase be removed from the label. She alleges, however, that the Court should require "prominent qualifications and/or disclaimers on the [Bondi Sands' Products'] front label concerning [their] true nature[.]" (FACC ¶ 38.c.) Even if the FDA neither prohibits nor permits the phrase Reef Friendly, Moran fails to meaningfully engage with Bondi Sands' argument that she asks the Court to ask Bondi Sands to add information not currently required by the FDA to the Products' labels. For that reason, the Court finds *Prescott v. Bayer Health Care, LLC*, on which she relies, distinguishable. No. 20-cv-00102-NC, 2020 WL 4430958, at *2-3 (N.D. Cal. July 31, 2020). However, it also is evident that Moran's claim is based on the theory that the phrase Reef Friendly is misleading, and FDCA regulations prohibit "claims that would be false and/or misleading on sunscreen products." 21 C.F.R. § 201.327(g).

Accordingly, the Court concludes Moran's claims are not preempted in their entirety and DENIES, IN PART, Bondi Sands' motion on that basis as well.

**C.  The Court Concludes Moran Has Stated Claims for Relief.**

Bondi Sands also moves to dismiss for failure to state a claim. A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to

4

relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, a court may consider documents that subject to judicial notice on a motion to dismiss without converting the motion to one for summary judgment. *See Mack S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Bondi Sands argues Moran is proceeding on a lack of substantiation theory because she alleges it was "statutorily required to ensure it has adequate substantiation for" the "Reef Friendly" representation. (FACC ¶ 35.) There is no private right of action for a "lack of substantiation" claim. *See Kwan v. SanMedica Int'l, LLC*, 854 F.3d 1088, 1096 (9th Cir. 2017) (citing *Nat'l Council Against Health Fraud v. King Bio Pharms., Ltd.*, 107 Cal. App. 4th 1336, 1344 (2003) ("*King Bio*")). Moran asserts she is not premising her claims on that theory and, instead, asserts the statement is false.[4] The Court "must therefore parse" the FACC to ensure Moran alleges actual falsity. *Locklin v. Strivectin Op. Co.*, No. 21-cv-7967-VC, 2022 WL 867248, at *4 (N.D.

---

[4] The Court will hold Moran to that representation.

5

Cal. Mar. 23, 2022).

A plaintiff may establish an advertising claim is false through "testing, scientific literature, or anecdotal evidence." *King Bio*, 107 Cal. App. 4th at 1348. For example, in *Kwan,* plaintiff alleged the defendant falsely implied that the product's health benefits "were clinically proven by credible scientific proof." *Kwan*, 854 F.3d at 1096. The court determined that allegation was conclusory and was "simply an allegation that defendant's marketing claims lack scientific substantiation." *Id.* The defendant in *Locklin* also argued the plaintiff was pursuing a lack of substantiation claim, but the court rejected that argument. 2022 WL 867248, at *4. The court reasoned the plaintiff "does not allege that [defendant] 'reef safe' assertion lacks substantiation – that, say, no scientific evidence exists to bolster the company's advertising." *Id.*; *see also Cooper v. Curallux, LLC*, No. 20-cv-2455-PJH, 2020 WL 4732193, at *4 (N.D. Cal. Aug. 14, 2020) ("A substantiation claim involves an advertising claim that has no evidentiary support one way or the other. … In contrast, a false advertising claim is on in which the claim has actually been disproved… such that the plaintiff can point to evidence that directly conflicts with the claim.") (internal citations and quotations omitted).

The *Locklin* court also distinguished *Aloudi v. Intramedic Research Group*[5], on which Bondi Sands relies, reasoning that the plaintiff's allegations were "far more developed and coherent" in contrast to the "plainly irrelevant studies" and reliance "on anecdotal evidence" supporting the plaintiff's allegations in *Aloudi*. 2022 WL 867248, at *4 n.3. It held, therefore, "[b]y alleging that the sunscreen contains chemicals that directly threaten coral reefs, the complaint identifies 'specific facts pointing to actual falsehood'" and denied the motion to dismiss. *Id*. (quoting *Kwan*, 854 F.3d at 1097).

In *Bitton v. Gencor Nutrientes, Inc.*, the defendant made a nutritional supplement and represented it had conducted a study showing "'statistically significant results' showing increases in 'free testosterone' in study participants who took" the supplement. 654 Fed. Appx. 358, 360. The plaintiffs alleged that statement was false and included an expert report that concluded the

---

[5]   729 Fed. Appx. 514 (9th Cir. 2017).

trial results were not statistically significant. *Id.* at 362. The Ninth Circuit concluded the allegations were sufficient to state a claim and rejected the defendants' argument that the plaintiffs were proceeding on a lack of substantiation theory. *Id.*

Here, Moran does not rely on vague or conclusory allegations and instead cites to materials, which she claims are sufficient to allege the chemicals contained in the Bondi Sands' Products are harmful to reefs. (FACC ¶¶ 24-28 & nn. 27-32.) She also cites to reports from various organizations, petitions submitted to the FDA, and legislation, which she argues provides further evidence that the phrase Reef Friendly is false or misleading.[6] (*Id.* ¶¶ 13-19 & nn. 8-24.) As in *Locklin,* Moran does not allege that there is *no* evidence to support Bondi Sands' claim; she alleges that there is evidence that directly conflicts with the representation that the Product is Reef Friendly.

Bondi Sands argues these materials are not sufficient because, for example, they neither evaluated the Bondi Sands' Products nor the chemicals at issue in the same formulation as the Bondi Sands Products. Each of the challenged Bondi Sands Products contains octocrylene. (FACC ¶ 24.a-24.f.) According to some materials cited by Moran, octocrylene "can harm marine life" including corals by accumulating in coral tissues, inducing bleaching, damaging coral DNA, and can "even kill."[7]

The *Locklin* court considered and rejected similar arguments.

> The complaint cites scientific studies purporting to document the harmful effects of four chemicals present in the sunscreen and actions by governmental bodies to ban them. It alleges a connection between those chemicals and coral reefs: When sunscreen washes off, it flows into the oceans, where its constituent chemical

---

[6] Moran's FACC included allegations that were identical to allegations in *Locklin* regarding legislation in Hawaii, which suggested that the Hawaii Senate had banned octocrylene. *Compare Locklin,* 2022 WL 867248, at *2 (quoting complaint) *with* FACC ¶ 17. The parties have stipulated that Moran shall amend those allegations. Counsel for Moran shall take care to avoid these drafting issues going forward.

[7] *See, e.g.*, https://oceanservice.noaa.gov/news/sunscreen-corals.html (last visited April 27, 2022) (cited at FACC ¶ 14 n.9); *see also* https://haereticus-lab.org/protect-land-sea-certification-3 (last visited April 27, 2022) (listing octocrylene as "known pollutant" that poses threat to, *inter alia*, corals and ocean systems) (cited in FACC ¶ 13 n.8).

>compounds threaten aquatic life. The complaint further explains that some consumers are misled by the "reef safe" label. Thinking that their use of StriVectin's product will not pose a threat to coral reefs, these consumers pay an inflated price for a product that falls short of its promises. Taken together and as true, those allegations suggest that StriVectin's product label misleads reasonable consumers, thereby violating California's consumer protection laws.

2022 WL 867248, at *2.

Moran's allegations about the alleged harm caused by chemicals in the Bondi Sands' Products' are not materially different from the plaintiff's allegations in *Locklin*, and the Court finds that reasoning persuasive. The Court also finds the *Locklin* court's conclusion that "even if the chemicals pose only a serious – but ultimately uncertain – threat to coral reefs, that may well be enough to prove that" Bondi Sands' Reef Friendly claim "is false or misleading to a reasonable consumer who cares about avoiding using products that endanger the reefs." *Id.* at *4. As in *Locklin,* the materials cited by Moran do not directly contradict her theory and, thus, do not plead her out of a claim. *Id.* Bondi Sands' argument that Moran fails to show the chemicals at issue are actually dangerous goes to whether Moran ultimately will be able to prove her claims that the statement is false or misleading, rather than whether she has *alleged* that is the case. Accordingly, the Court DENIES, IN PART, Bondi Sands' motion to dismiss on this basis.

Bondi Sands moved to dismiss the breach of warranty and unjust enrichment claims solely on the basis that they were derivative of Moran's consumer protection claims. Because the Court concludes the consumer protection claims can proceed, it also denies Bondi Sands' motion to dismiss these derivative claims.

**D.    The Court Grants, in Part, Bondi Sands' Motion to Dismiss the Equitable Claims.**

Bondi Sands moves to dismiss Moran's claims for equitable relief on the basis that she has an adequate remedy at law. It is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief. *See, e.g., Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146-49 (2003).[8] In contrast, the CLRA provides for equitable relief and for damages. In *Sonner v. Premier Nutrition, Inc.*, the Ninth Circuit held "that the traditional

---

[8]   The claim for unjust enrichment also seeks equitable relief.

8

principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d 834, 843-44 (9th Cir. 2020). There, the plaintiff dropped her claims for damages shortly before trial. Because the plaintiff failed to allege an adequate legal remedy in her complaint and conceded her claim for restitution was the same amount of money she had been seeking in damages, the court determined she failed to state a claim for relief. "Sonner fails to explain how the same amount of money for the exact same harm is inadequate or incomplete[.]" *Id.* at 844.

In addition to seeking restitution, Moran seeks prospective injunctive relief. In *Ziegler v. WellPet LLC*, the court reasoned that damages for past harm were not an adequate remedy for prospective harm caused by alleged false advertising because damages "would [not] ensure that [the plaintiff] (and other consumers) can rely on WellPet's representations in the future." 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021); *see also Adams v. Cole Haan, LLC*, No. SACV 20-913 JVS (DFMx), 2021 WL 4907248, at *2-*4 (C.D. Cal. Mar. 1, 2021) (finding monetary damages "would not necessarily be sufficient to remedy" harm from alleged false advertising); *Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *11 (N.D. Cal. Aug. 16, 2021) (declining to apply *Sonner* to bar UCL claims for prospective injunctive relief because "the prospect of paying damages is sometimes insufficient to deter a defendant from engaging in an alleged unlawful, unfair, or fraudulent business practice"). Assuming Moran sufficiently alleges she has standing, which the Court addresses in the following section, as in *Ziegler*, her claims for monetary equitable relief would not necessarily redress prospective harm.

In paragraph 38 of the FACC, Moran sets forth allegations about why legal monetary remedies would not be adequate, including the procedural posture of the case. (FACC ¶ 38.f.) The Court continues to find that argument unpersuasive. *See, e.g., Gardiner v. WalMart, Inc.*, No. 20-cv-4618-JSW, 2021 WL 4992539, at *7 (N.D. Cal. July 28, 2021). In addition, the Court has previously concluded that "nothing in *Sonner* suggests that the Court should ignore the allegations in the FAC in favor of Rule 8's general principles." *Hanscom v. Reynolds Consumer Prods.*, No. 21-cv-3434-JSW, 2022 WL 591466*, at *3 (N.D. Cal. Jan. 21, 2022) (citing cases).

9

The Court also concludes the allegation that no expert discovery has commenced (FACC ¶ 38.f) is insufficient to allege Moran lacks an adequate remedy at law. This allegation does no more than speculate that "restitution and damages could be different[.]" *Phan v. Sargento Foods, Inc.*, No. 20-cv-9251-EMC, 2021 WL 2224260, at *5 (N.D. Cal. June 2, 2021) (noting that "speculation is questionable" given that Section 17200 does not permit nonrestitutionary disgorgement) (quoting *Julian v. TTE Tech., Inc.*, No. 20-cv-22857-EMC, 2020 WL 6743912, at *4-5 (N.D. Cal. Nov. 17, 2020)). Moran also argues that because the UCL encompasses conduct that is broader than some of her other claims, she and putative class members "may be entitled to restitution" but not damages.[9] Moran does not suggest that she seeks a different amount in damages than she does in restitution. Moran also argues that the statute of limitations on her UCL claim is one year longer than the statute of limitations on her other claims, which would preclude putative class members from obtaining damages on those claims.

The Court concludes "these allegations do not establish that the damages she seeks are necessarily inadequate or incomplete. That is, [Moran's] 'inability to obtain damages here [would result] from her CLRA [and common law] claims' failure on the merits" not that there "there is an inherent limitation of the legal remedy that renders it inadequate." *Hanscom*, 2022 WL 591466, at *3 (quoting *Nacarino v. Chobani, LLC*, No. 20-cv-7437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021)); *see also Alvarado v. Wal-mart Assocs., Inc.*. No. 20-cv-1926-DSF (JCx), 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020) (concluding shorter statute of limitations on some claims did not render legal remedies inadequate). In addition as in *Alvarado*, Moran alleges that she bought her sunscreen in July 2021, "so her damages or restitution would not be affected by whether the statute of limitations is three or four years." *Id.*

Accordingly, the Court concludes Moran fails to allege she lacks an adequate monetary remedy at law, and the Court GRANTS, IN PART, Bondi Sands' motion to dismiss on this basis. Because the Court cannot conclude it would be futile, it GRANTS Moran leave to amend.

---

[9] Moran seeks relief on behalf of a nationwide class, yet seems to suggest that there are material differences between California law and the laws of other states, at least as to the breach of warranty claim. The Court shall expect Moran to address why those differences will not preclude class certification if she files such a motion.

10

### E. The Court Concludes Moran Alleges She Has Standing.

Bondi Sands' final argument is that Moran fails to allege facts to show she has standing. A lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

Moran alleges she purchased the Product based on the Reef Friendly representation and would not have done so, or would have paid substantially less for it, had she known the truth. Therefore, to the extent Bondi Sands argues that Moran fails to allege injury-in-fact to pursue damages, the Court denies the motion.

Bondi Sands also challenges Moran's standing to seek injunctive relief, which requires her to allege she "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Moran alleges that she "is not personally familiar with the ingredients in the Products and does not possess any specialized knowledge, skill, experience, or education in sun care products, … and their ingredients or formulations." (FACC ¶ 8.) Therefore, she claims she has no way to determine if the Reef Friendly representation is true and is unable to rely on the representation in the future. (*Id.*) Bondi Sands argues Moran can simply review the ingredients list to determine if

11

the allegedly harmful chemicals are present.[10]  "Several courts have rejected similar arguments since *Davidson*."  *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-cv-9077-JSW, 2021 WL 3524047, at *5 (N.D. Cal. Aug. 6, 2021) (citing cases); *but see Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906 (N.D. Cal. 2021) (noting "several district courts relying on *Davidson* have found a plaintiff lacks standing where the plaintiff could 'easily discover whether a previous misrepresentation had been cured without first buying the product at issue'") (quoting *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG, 2018 WL 6714323, at *4 C.D. Cal. Oct. 17, 2018)).

In *Moore*, the plaintiff alleged that she was "'an average consumer who is not sophisticated in the chemistry, manufacturing, and formulation of cosmetic products,' [and] would not be able to differentiate between cosmetic ingredients that are natural and those that are synthetic."  *Id.*  This Court followed the reasoning of a line of cases that rejected the argument that a plaintiff could avoid future deception by reviewing an ingredients list.  *Id.*  This Court also distinguished *Joslin v. Clif Bar & Co.*, a case in which it determined the plaintiff could discover whether the representation had been cured.  No. 18-cv-4941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019).  In *Joslin,* the plaintiffs alleged the defendant's use of the term "white chocolate" on a product label was misleading because the product did not contain white chocolate.  Although there were other reasons to conclude the plaintiffs in *Joslin* lacked standing, in *Moore,* this Court distinguished *Joslin* because "[w]hite chocolate is a single ingredient, the presence or absence of which would be easily identifiable on the list."  *Moore*, 2021 WL 3524047, at *6 (citing *Joslin*, 2019 WL 5690632, at *3).

The Court concludes the facts in this case present a closer question than the factual situations presented in *Moore* or in *Joslin*.  Here, Moran claims that the ingredients at issue actually cause harm, rather than alleging claims about their formulation as in *Moore*, *e.g.,* whether they are natural or synthetic.  As was the case in *Joslin*, the "presence or absence" of those

---

[10]   Bondi Sands argues this is "underscored" by Moran's lawsuit against Edgewell and "raises the question of whether [she] was ever 'injured' at all."  (Reply at 13 n.5.)  At this stage of the proceedings, the Court will not assess the impact, if any, of Moran's other lawsuit on her claims here.

12

ingredients is identifiable from the list. However, Moran also alleges that she does not possess any specialized knowledge, skill, experience, or education in sun care products, … and their ingredients or formulations." (FACC ¶ 8.) From those facts the Court concludes it is reasonable - and plausible - to infer she may not be able to determine whether the Bondi Sands Products are reef friendly when confronted with them in the future.

The Ninth Circuit has stated "[w]e do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008). The Court concludes that, based on the facts in this case, the Court concludes Moran's allegations are sufficient to plausibly *allege* she has standing to seek injunctive relief. *Cf. Prescott,* 2020 WL 4430958, at *7 ("[A]bsent an encyclopedic knowledge of sunscreen active ingredients, Plaintiffs may not be able to truly know whether a sunscreen is truly 'mineral-based.'").

Accordingly, the Court DENIES Bondi Sands' motion to dismiss on this basis as well.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART Bondi Sands' motion to dismiss. As noted, the parties stipulated that Moran may file a Second Amended Complaint, and the Court has approved that stipulation. The Court shall not require Moran to file the proposed Second Amended Complaint until she determines whether she intends to amend her allegations regarding the claims for monetary injunctive relief. Accordingly, the Court GRANTS Moran until May 20, 2022, to file a second amended complaint, that shall include the amendments addressed in the stipulation and which may amend the allegations regarding equitable relief. Bondi Sands shall answer or otherwise respond by June 3, 2022, although the parties may stipulate to extend that deadline.

It is FURTHER ORDERED that the parties shall appear for a case management conference on June 24, 2022, and they shall file a joint case management conference statement by June 17,

13

2022.

**IT IS SO ORDERED**.

Dated: April 29, 2022

_____
JEFFREY S. WHITE
United States District Judge