**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Katherine A. Bruce (SBN 288694)
kbruce@clarksonlawfirm.com
Kelsey J. Elling (SBN 337915)
kelling@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
ndeckant@bursor.com
Brittany S. Scott (SBN 327132)
bscott@bursor.com
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
bheikali@faruqilaw.com
10866 Wilshire Blvd. #1470
Los Angeles, CA 90024
Tel: (424) 256-2884
Fax: (424) 256-2885

*Attorneys for Plaintiff*

**ROGERS JOSEPH O'DONNELL**
Renée D. Wasserman (SBN 108118)
rwasserman@rjo.com
Alecia E. Cotton (SBN 252777)
acotton@rjo.com
Emily A. Wieser (SBN 311315)
ewieser@rjo.com
311 California Street
San Francisco, CA  94104
Tel:    415.956.2828
Fax:   415.956.6457

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONDI SANDS (USA) INC.,<br><br>Defendant. | Case No.: 4:21-cv-07961-JSW<br>Case Filed: 10/11/2021<br>FAC Filed: 1/3/2022<br><br>*Assigned District Judge Jeffrey S. White*<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2)**<br>AS MODIFIED HEREIN<br>MTD Hearing: 4/29/2022 (vacated)<br>CMC: None Set |

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Michelle Moran ("**Plaintiff**") and Defendant Bondi Sands (USA) Inc. ("**Defendant**"), by and through their counsel of record, jointly stipulate to Plaintiff filing a Second Amended Class Action Complaint ("**SAC**") to correct an ambiguous allegation and remove claims regarding certain products that Defendant affirms were not sold in the United States, without impacting Defendant's pending motion to dismiss, as outlined below and subject to Court approval:

## RECITALS

1. WHEREAS, on October 11, 2021, Plaintiff filed a Class Action Complaint challenging the "Reef Friendly" statement on the front label of certain Bondi Sands sunscreen products manufactured by Defendant as being false and deceptive (ECF 1);

2. WHEREAS, on January 3, 2022, Plaintiff filed a First Amended Class Action Complaint ("**FAC**") against Defendant for the sole purpose of asserting a claim for damages under California Consumer Legal Remedies Act (codified at Cal. Civ. Code §§ 1750, *et seq.*), pursuant to a stipulated order of this Court (*see* ECF 17, 25);

3. WHEREAS, paragraph 17 of the FAC currently alleges as follows:

> **Hawaii Legislature—Octocrylene & Avobenzone**. In 2018, state lawmakers banned oxybenzone and octinoxate from being included as ingredients in sunscreens sold in Hawaii because of their deleterious impact on coral reefs and dependent marine life. In 2021, state lawmakers amended the bill to also ban the sale of sunscreens that contain avobenzone and octocrylene starting in 2023. Octocrylene was banned because it can disrupt human hormones and has a toxic impact on aquatic ecosystems, including coral reefs. Avobenzone was banned because it is "an endocrine disruptor and can reduce coral resilience against the high ocean temperatures that are killing corals worldwide."

FAC ¶ 17 (footnotes omitted);

4. WHEREAS, in 2018, Hawaii banned oxybenzone and octinoxate from being included as ingredients in sunscreens (HRS § 342D-21 (effective Jul. 1, 2018)), and in 2021 state lawmakers *sought to* amend that law to also ban avobenzone and octocrylene starting in 2023 (*see* S.B. 132, 31st Leg., Reg. Sess. (Haw. 2021)); however, this legislation is still *pending* and has not yet been enacted (*id.*);

/ / /

JOINT STIPULATION AND [PROPOSED] ORDER TO FILE A SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 15(A)(2) - CASE NO.: 4:21-CV-07961-JSW

2

543380.2

5. WHEREAS, counsel for Plaintiff acknowledge that, as currently drafted, the allegations in Paragraph 17 of the FAC may be ambiguous and can be read to mean that the 2021 amendment has already been enacted, when that is not the case (Declaration of Katherine Bruce ("Bruce Decl.") at ¶ 2);

6. WHEREAS, the aforementioned ambiguous allegations are the result of an inadvertent drafting error by counsel for Plaintiff and upon discovering this issue, counsel for Plaintiff promptly seeks to cure the inartful pleading (*id.*);

7. WHEREAS, among other Bondi Sands sunscreen products, the FAC brings claims challenging Bondi Sands' "Hydra" line of sunscreen products (*see* ECF 25);

8. WHEREAS, Defendant filed a motion to dismiss the FAC, subject to Fed. R. Civ. P. 11, that confirmed in a writing signed by Defendant's counsel that "Bondi Sands' Hydra products . . . were only sold in Australia," and "Hydra products are not sold in the United States," (ECF 29 at 2, 14);

9. WHEREAS, in Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff confirmed that, based on Defendant's foregoing representations, Plaintiff would not oppose the dismissal of claims "solely to the extent that they challenge Defendant's 'Hydra' products" (ECF 42 at 14, n.12);

10. WHEREAS, between approximately April 7, 2022, and April 12, 2022, counsel for Plaintiff and Defendant conferred regarding the subject matter of this stipulation and the related proposed order as follows:

    a. Plaintiff's counsel requested that Defendant stipulate to Plaintiff amending the FAC on a limited basis to correct the ambiguous allegations regarding the status of the Hawaiian proposed legislation banning octocrylene and avobenzone, while leaving Defendant's pending motion to dismiss briefing intact (Bruce Decl. at ¶ 3a);

    b. On April 12, 2022, counsel for Defendant agreed to the foregoing remedy, and requested that Plaintiff also amend the FAC to remove claims as to the Bondi Sands' "Hydra" products (*id.* at ¶ 3b);

JOINT STIPULATION AND [PROPOSED] ORDER TO FILE A SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2) - CASE NO.: 4:21-CV-07961-JSW

3

543380.2

c. Consistent with Plaintiff's position expressed in Plaintiff's opposition to Defendant's motion to dismiss and based upon Defendant's representations confirming no Bondi Sands Hydra sunscreen products were or are sold in the United States, Plaintiff has agreed to Defendant's condition and the dismissal of claims solely with respect to the Hydra products (*id.* at ¶ 3c);

11. WHEREAS, the parties agree that the filing of the SAC should not implicate Defendant's motion to dismiss the FAC (*see*, *e.g.*, *Johnson v. Fulton Cty., Georgia*, No. 1:17-CV-03921-AT-WEJ, 2018 WL 2350172, at *1-2 (N.D. Ga. Apr. 12, 2018) (granting leave to amend, finding the proposed third amended complaint would not supersede the then-operative second amended complaint, when the third amended complaint sought to fix inadvertent errors and there existed "no discernible difference between the Second and Third Amended Complaints", further noting that defendants "are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. . . the court simply may consider the motion as being addressed to the amended pleading," and citing 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1476 at 558 (2nd ed. 1990); *DeFrees v. Kirkland*, No. CV 11-4272 GAF (SPx), 2012 WL 12885114, at *13 (C.D. Cal. July 20, 2012), *aff'd in part, remanded in part*, 579 F. App'x 538 (9th Cir. 2014) ("in circumstances in which an amended pleaded [*sic*] possesses the same defects as those in the original pleading, district courts have exercised their discretion to treat the motion to dismiss as addressed to the amended pleading.") (citing cases)); and

## STIPULATION

12. THEREFORE, the parties further stipulate and agree as follows:

i. Plaintiff shall file a SAC, a redlined draft of which (including Exhibit 1) is submitted concurrently herewith as **Exhibit A**, to make only two substantive amendments:

*First*, paragraph 17 shall be amended to state the following:

**Hawaii Legislature—Octocrylene & Avobenzone**. In 2018, state lawmakers banned oxybenzone and octinoxate from being included as ingredients in sunscreens sold in Hawaii because of their deleterious impact on coral reefs and dependent marine life. In 2021, state lawmakers sought to amend the law to also ban the sale of

sunscreens that contain avobenzone and octocrylene starting in 2023.

**Second**, all references to Bondi Sands' "Hydra" products shall be removed, which includes paragraphs: 4, 24, and Exhibit 1;

ii. The current briefing on Defendant's pending motion to dismiss the FAC (ECF Nos. 29, 42, 43) shall remain intact, such that the current briefing automatically applies to Plaintiff's SAC without the need for Defendant to file a new motion to dismiss in response to the SAC; and

iii. The foregoing stipulations shall not prejudice any party, shall promote the aims of justice, and conserve judicial and party resources.

**IT IS SO STIPULATED.**

Dated: April 29, 2022        **CLARKSON LAW FIRM, P.C.**

By: /s/ *Katherine A. Bruce*
Ryan J. Clarkson
Shireen M. Clarkson
Katherine A. Bruce
Kelsey J. Elling

**FARUQI & FARUQI, LLP**
Benjamin Heikali

**BURSOR & FISHER, P.A**.
Neal J. Deckant
Brittany S. Scott

*Attorneys for Plaintiff*

Dated: April 29, 2022        **ROGERS JOSEPH O'DONNELL**

By: /s/ *Alecia E. Cotton*
Renée D. Wasserman
Alecia E. Cotton
Emily A. Wieser

*Attorneys for Defendant*

JOINT STIPULATION AND [PROPOSED] ORDER TO FILE A SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 15(A)(2) - CASE NO.: 4:21-CV-07961-JSW

5

543380.2

**PURSUANT TO THE PARTIES STIPULATION, IT IS SO ORDERED.**

The Court's Order on the pending motion to dismiss shall address this stipulation.

DATED: April 29, 2022

_____
Honorable Jeffrey S. White
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOINT STIPULATION AND [PROPOSED] ORDER TO FILE A SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 15(A)(2) - CASE NO.: 4:21-CV-07961-JSW

6

543380.2