**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
*ndeckant@bursor.com*
Brittany S. Scott (SBN 327132)
*bscott@bursor.com*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455; Fax: (925) 407-2700

**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
*bheikali@faruqilaw.com*
10866 Wilshire Boulevard, Ste. 1470
Los Angeles, CA 90024
Tel: (424) 256-2884; Fax: (424) 256-2885

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Michelle Moran and Putative Class Members*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MORAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>BONDI SANDS (USA) INC.,<br><br>                    Defendant. | Case No.: 4:21-cv-07961-JSW<br>Case Filed: October 11, 2021<br>FAC Filed: January 3, 2022<br>SAC Filed: July 19, 2022<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>    1.  Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>    2.  Violation of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)<br>    3.  Violation of Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br>    4.  Breach of Warranty<br><br>**JURY TRIAL DEMANDED** |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

# TABLE OF CONTENTS

**Page No.**

COMPLAINT ..................................................................................................1

JURISDICTION ..............................................................................................6

VENUE ...........................................................................................................6

PARTIES .........................................................................................................6

    A.    Plaintiff .................................................................................6

    B.    Defendant .............................................................................8

FACTUAL ALLEGATIONS ..........................................................................8

    A.    Background ...........................................................................8

    B.    The Products' Misleading and Deceptive Labeling .......................12

    C.    Plaintiff and Reasonable Consumers Were Misled by the Products.................15

    D.    The Products are Substantially Similar ...............................17

    E.    No Adequate Remedy at Law ..............................................18

CLASS ACTION ALLEGATIONS ...............................................................19

COUNT ONE..................................................................................................22

    A.    "Unfair" Prong ...................................................................25

    B.    "Fraudulent" Prong ............................................................26

    C.    "Unlawful" Prong ..............................................................27

COUNT TWO .................................................................................................28

COUNT THREE .............................................................................................29

COUNT FOUR ...............................................................................................32

PRAYER FOR RELIEF .................................................................................33

DEMAND FOR JURY TRIAL.......................................................................35

1

**COMPLAINT**

2      1.     Plaintiff Michelle Moran ("**Plaintiff**"), individually and on behalf of all others

3  similarly situated, as more fully described herein (the "**Class**" and "**Class Members**"), brings this

4  class action complaint against Defendant Bondi Sands (USA) Inc. ("**Defendant**"), and alleges the

5  following upon information and belief, unless otherwise expressly stated as based upon personal

6  knowledge:

7      2.     **Synopsis.** To obtain an unfair competitive advantage in the billion-dollar sunscreen

8  market, Defendant is exposing consumers and the environment to harmful chemical active

9  ingredients in their sunscreens by falsely labeling them as "REEF FRIENDLY." Defendant has

10  reaped millions of dollars through this fraudulent scheme based on a calculated business decision

11  to put profits over people and the environment. Specifically, Defendant deceptively labels certain

12  of its Bondi Sands brand sun care Products as "REEF FRIENDLY" deliberately leading reasonable

13  consumers, including Plaintiff, to believe that the Products only contain ingredients that are reef-

14  safe and otherwise cannot harm reefs, including the coral reefs and marine life that inhabits or

15  depends on them (hereinafter, **"Reef Friendly Representation," "False Advertising Claim"**

16  and/or **"Challenged Representation"**).  Fair and accurate exemplars of the Products' front labels,

17  with the Challenged Representation circled in red, are below.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a. Bondi Sands Fragrance Free Sunscreen: Exemplar Front Labels (*see also* **Exhibit 1-1 to 1-5** [Product Images])



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265




SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265



4

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

3.      **The Deception of the Challenged Representation.** The Challenged Representation has misled reasonable consumers, including Plaintiff, into believing that the Products only contain ingredients that are reef-safe or otherwise cannot harm reefs, including the coral reefs and the marine life that inhabits or depends on them. However, contrary to this labeling, the Products actually contain Harmful Ingredients (including avobenzone, homosalate, octisalate, and/or octocrylene), which are chemical ingredients that are not safe for reefs because they can harm and/or kill reefs, including the coral reefs and the marine life that inhabits or depends on them. Through falsely, misleadingly, and deceptively labeling the Products, Defendant sought to take advantage of consumers' desire for sunscreens that are friendly to or safe for reefs (coral reefs and marine life and related ecosystems that inhabit or depend on coral reefs), while reaping the financial benefits of using less desirable, harmful, and/or less costly chemicals in the Products. Defendant has done so at the expense of unwitting consumers, as well as Defendant's lawfully acting competitors, over whom Defendant maintains an unfair competitive advantage.

4.      **The Products.** The products at issue are Bondi Sands brand sun care products (including sunscreens, sun-blocks, and sun protectants) manufactured and/or marketed by Defendant that contain the Challenged Representation on the labels and/or packaging, in all sizes, forms of topical application (including, for example, stick, paste, oil, lotion, cream, liquid, spray, or mist), SPFs, scents and/or flavors, variations, and packs, sets or bundles, which include, but are not necessarily limited to:

   a.   Bondi Sands Fragrance Free Sunscreen, including

         (1)      Lotion in SPF 30, 5.07 oz,

         (2)      Lotion in SPF 50, 5.07 oz,

         (3)      Lotion (Face) in SPF 50, 2.52 oz,

         (4)      Spray in SPF 30, 5.64 oz,

         (5)      Spray in SPF 50, 5.64 oz,

      (*see*, *supra*, paragraph 2, a.; *see also* **Exhibit 1-1 to 1-5** [Product Images]);

The aforementioned Products are collectively referred to herein and throughout this complaint as the "**Products**." *See* **Exhibit 1** [Product Images].

5. **Primary Dual Objectives.** Plaintiff brings this action individually and on behalf of those similarly situated to represent a National Class and a California Subclass of consumers who purchased the Products (defined *infra*) for dual primary objectives. Plaintiff seeks, on Plaintiff's individual behalf and on behalf of the Class, a monetary recovery of the premium consumers paid for the Challenged Representation and Defendant's ill-gotten gains, as consistent with permissible law (including, for example, damages, and any applicable penalties/punitive damages solely as to those causes of action so permitted). Plaintiff further seeks injunctive relief to stop Defendant's unlawful labeling and advertising of the Products and to dispel the public's misconception caused by the Challenged Representation, by enjoining Defendant's unlawful advertising practices for the benefit of consumers, including Plaintiff and the Class.

## JURISDICTION

6. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. In addition, Plaintiff purchased the unlawful Products in this District, and Defendant has marketed, advertised, and sold the Products within this District.

## PARTIES

**A. Plaintiff**

8. **Plaintiff Michelle Moran.** The following is alleged based upon personal knowledge: (1) Plaintiff is a resident of San Francisco, California. (2) Plaintiff purchased the Bondi Sands Fragrance Free sunscreen, in an aerosol mist form, SPF 50, approximately 5.64-oz (the "**Purchased Product**") for approximately $14.00 at a drug store or market in or around the City of San Francisco, State of California, in or around the summer of 2021 (*see*, **Exhibit 1-5** [Exemplar Product Image]).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

(3) In making the purchase, the Challenged Representation on the Product's label led Plaintiff to believe that the Product's ingredients were all reef-safe and otherwise could not harm reefs, including the coral reefs and marine life that inhabits and depends on them. (4) At the time of purchase, Plaintiff did not know that the aforementioned Challenged Representation was false—i.e., that the Product contains ingredients that were not reef-safe and otherwise could harm reefs, including the coral reefs and marine life that inhabits and depends on them. (5) Plaintiff would not have purchased the Product had Plaintiff known that the Challenged Representation was false—i.e., that the Product contained ingredients that can harm reefs, including the coral reefs and marine life that inhabit and depend on them. (6) Plaintiff continues to see the Products available for purchase and desires to purchase them again if the Challenged Representation was in fact true. (7) Plaintiff is not personally familiar with ingredients in the Products and does not possess any specialized knowledge, skill, experience, or education in sun care products, similar to and including the Products, and their ingredients or formulations; the Harmful Ingredients and similar substances; marine life pollutants and substances hazardous to reefs, including coral reefs and the marine life that inhabits and depends on them; and, therefore, Plaintiff has no way of determining whether the Challenged Representation on the Products is true. (8) Plaintiff is, and continues to be, unable to rely on the truth of the Challenged Representation on the Products' labels.

9.     **Plaintiff's Future Harm.** Plaintiff(s) would continue to purchase the Products in the future if the Products, as Defendant(s) continue(s) to advertise and warrant them, lived up to and conformed with the Challenged Representation. Further, Plaintiff(s) is an (are) average consumer(s) who is(are) not sophisticated in, for example, sun care product formulations, similar to and including the Products, and chemicals hazardous to reefs, similar to and including the Harmful Ingredients. Since Plaintiff(s) would like to purchase the Products again to obtain the benefits of the Challenged Representations that Defendant(s) continue(s) to use—despite the fact that the Products were once marred by false advertising or warranties—Plaintiff(s) would likely and reasonably, but incorrectly, assume the Products are true to and conform with the Challenged Representations on their labels, packaging, and Defendant's advertisements, including Defendant's website(s) and social media platforms. Accordingly, Plaintiff(s) is at risk of reasonably, but

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

7

incorrectly, assuming that Defendant(s) has(ve) fixed the Products such that Plaintiff(s) may buy them again, believing they are no longer falsely advertised and warranted and instead believing that they comply with the Challenged Representations.  In this regard, Plaintiff(s) is(are) currently and in the future deprived of the ability to rely on the Challenged Representations to purchase the Products.

**B.  Defendant**

10.     **Defendant Bondi Sands (USA) Inc. ("Defendant" and/or "BS")** is a corporation incorporated in the State of Delaware. Defendant was doing business in the State of California at all relevant times. Directly and through its agents, Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California, as well as the United States of America. Defendant is one of the owners, manufacturers, and/or distributors of the Products, and is one of the companies that created and/or authorized the false, misleading, and deceptive labeling of the Products. Defendant and its agents promoted, marketed, and sold the Products at issue in this jurisdiction and, in particular, within this judicial district.  The unfair, unlawful, deceptive, and misleading Challenged Representations on the Products were prepared, authorized, ratified, and/or approved by Defendant and its agents, and were disseminated throughout California and the nation by Defendant and its agents to deceive and mislead consumers in the State of California and the United States into purchasing the Products.

**FACTUAL ALLEGATIONS**

**A.    Background**

11.     **Background.** Reefs are some of the most diverse ecosystems in the world. Reefs protect coastlines from storms and erosion, provide jobs for local communities, and offer opportunities for recreation.[1] Over half a billion people depend on reefs for food, income, and protection.[2] Additionally, reef ecosystems are culturally important to people around the world.[3] Indeed, the world's largest reef, the Australian Great Barrier Reef, is considered to be one of the

---

[1] "Coral Reef Ecosystems," National Oceanic and Atmospheric Administration, https://www.noaa.gov/education/resource-collections/marine-life/coral-reef-ecosystems (accessed Oct. 10, 2021).
[2] *Id.*
[3] *Id.*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

great seven natural wonders of the world due to its scale, beauty, and biodiversity.[4] Despite their

ecological and cultural importance, reefs are disappearing at alarming rates.[5] In fact, some scientists

predict that if current trends continue, nearly all reefs will disappear over the next twenty to fifty

years.[6] In recent years, consumers have become increasingly concerned about protecting reefs

through individual action, including purchasing reef friendly personal care products, in particular

sun care and sun protection products, which are free from chemicals that can harm reefs, including

the coral reefs and marine life that inhabits and depends on them. Thus, reef-safe personal care

products, in particular sun care products such as sunscreens and sun blocks, are rapidly increasing

in popularity due to their perceived positive ecological impact.[7]

12. **Harmful Chemicals.** Avobenzone (also called butyl methoxydibenzoylmethane),

homosalate, octisalate (also called octyl salicylate), and/or octocrylene (collectively, **"Harmful**

**Ingredients"**) are chemicals that can harm reefs, including coral reefs and the marine life that

inhabits and depends on them.

13. **The HEL—Octocrylene.** The Haereticus Environmental Laboratory ("**HEL**") is a

nonprofit organization that specializes in research and advocacy in a number of areas including

sunscreens and how their ingredients impact natural environmental habitats. Regarding certain

harmful ingredients used in sunscreens, the HEL reports that octocrylene  is a chemical that causes

harm and/or can kill coral reefs and pose a substantial threat to ecosystem health.[8]

14. **The NOS—Octocrylene.** The National Ocean Service ("**NOS**") also advocates

against the use of certain chemicals, including octocrylene, in the use of sunscreen because of the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

---

[4] *Id.*; "Great Barrier Reef," WWF [World Wildlife Fund], https://www.wwf.org.au/what-we-do/oceans/great-barrier-reef#gs.b5pmtu (last accessed Oct. 10, 2021).
[5] *Id.*
[6] "Nearly All Coral Reefs Will Disappear Over the Next 20 Years, Scientists Say," Forbes (2020), https://www.forbes.com/sites/trevornace/2020/02/24/70-90-percent-of-coral-reefs-will-disappear-over-the-next-20-years-scientists-say/?sh=70e461da7d87 (last accessed Oct. 10, 2021).
[7] "Reef Safe Sunscreen Guide," Save the Reef, https://savethereef.org/about-reef-save-sunscreen.html (last accessed Oct. 10, 2021); "9 Reasons Why You Should Switch to a Reef Safe Sunscreen," Elle.com, https://www.elle.com/beauty/makeup-skin-care/g32685164/best-reef-safe-sunscreen/ (last accessed Oct. 10, 2021); "How to Know if Your Sunscreen is Killing Coral Reefs – and the Brands to Try Instead," Travel and Leisure, https://www.travelandleisure.com/style/beauty/reef-safe-sunscreen (last accessed Oct. 10, 2021).
[8] "Protect Land + Sea Certification," Haereticus Environmental Laboratory, http://haereticus-lab.org/protect-land-sea-certification-3/ (last accessed Oct. 10, 2021).

severe negative impact that is has on coral reefs.[9] The NOS classifies octocrylene as a threat to coral reefs, as well as marine ecosystems.[10]

15.    **The Hawaii Center for Biological Diversity (the "Center")—Octocrylene & Avobenzone.** The Center is petitioning the FDA for a national ban on chemicals, like octocrylene and avobenzone, in sunscreens that harm and kill the coral reefs.[11] The center is also advocating for a statewide ban of octocrylene and avobenzone in sunscreens, noting the toxic impacts these chemicals have on the coral reefs and marine life.[12]

16.    **FDA Petition—Octocrylene.** In fact, a larger group of researchers have also petitioned the FDA to remove from sale all sunscreens that contain octocrylene.[13] Because products made with octocrylene may contain benzophenone, a known carcinogen, and is considered to be an endocrine, metabolic, and reproductive disruptor.[14]

17.    **Hawaii Legislature—Octocrylene & Avobenzone.** In 2018, state lawmakers banned oxybenzone and octinoxate from being included as ingredients in sunscreens sold in Hawaii because of their deleterious impact on coral reefs and dependent marine life. In 2021, state lawmakers sought to amend the law to also ban the sale of sunscreens that contain avobenzone and octocrylene starting in 2023.[15]

18.    **International Bans—Octocrylene & Homosalate.** In June 2019, the US Virgin Islands banned sunscreens containing octocrylene, oxybenzone, and octinoxate, with the ban effective beginning March 2020.[16]   In addition, Palau, Bonaire, and the nature reserve areas in

---

[9] "Skincare Chemicals and Coral Reefs," National Oceanic and Atmospheric Administration, https://oceanservice.noaa.gov/news/sunscreen-corals.html (last accessed Oct. 10, 2021).
[10] *Id.*
[11] "Hawai'i Senate Bill Bans Harmful Sunscreen Chemicals" Center for Biological Diversity (March 9, 2021), https://biologicaldiversity.org/w/news/press-releases/hawaii-senate-bill-bans-harmful-sunscreen-chemicals-2021-03-09/ (last accessed Oct. 10, 2021).
[12] *Id.*
[13] Popular sunscreens under scrutiny as scientists cite another potential carcinogen, Los Angeles Times (Aug. 10, 2021), https://www.latimes.com/business/story/2021-08-10/sunscreen-fda-carcinogen-benzophenone-octocrylene-concerns (last accessed Oct. 10, 2021).
[14] *Id.*
[15] "Hawaii Senate Bill 132," Hawaii State Legislature, https://www.capitol.hawaii.gov/measure_indiv.aspx?billtype=SB&billnumber=132&year=2021 (last accessed on Oct. 10, 2021).
[16] Narla, et. al., "Sunscreen: FDA regulation, and environmental and health impact," Royal Society of Chemistry (Nov. 22, 2019), https://pubs.rsc.org/en/content/articlehtml/2019/pp/c9pp00366e (last accessed on Oct. 10, 2021).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

SECOND AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Mexico have approved legislation for similar bans, and a similar ban is being discussed in Brazil and the EU.[17] Furthermore, the European Commission has recently recommended that homosalate was not safe to use at certain concentrations and should have a maximum concentration of 1.4 percent.[18] Scientists in the United States have likewise raised concerns about the toxic nature of these ingredients, as well as homosalate, and believe they also have a harmful impact on reefs.[19]

19.    **The EWG—Octisalate**. The EWG warns consumers that the harmful effect of Octisalate, to the human body and aquatic ecosystems, is mostly uncertain because there lacks sufficient data to determine whether this chemical is safe to use in sun protectants and sunscreens.[20] Octisalate is frequently detected in coral reefs and, unfortunately, common wastewater treatments cannot remove this chemical, leading octisalate to accumulate and negatively affect the coral reef ecosystems and marine organisms.[21] The toxicity of this chemical contributes to the bleaching of coral reefs, which ultimately leads to coral extinction.[22]

20.    **Consumers' Desire for Reef-Safe Products.** Consequently, because of the

---

[17] *Id.*
[18] "The Trouble with Ingredients In Sunscreen," Environmental Working Group, https://www.ewg.org/sunscreen/report/the-trouble-with-sunscreen-chemicals/ (last accessed on Oct. 10, 2021).
[19] Yang, Changwon, et al. "Homosalate Aggravates the Invasion of Human Trophoblast Cells as Well as Regulates Intracellular Signaling Pathways Including PI3K/AKT and MAPK Pathways," 243 Environmental Pollution 1263-73 (Dec. 2018), https://europepmc.org/article/med/30267922 (last accessed Oct. 10, 2021); Park, Chang-Beom, et al. "Single- and Mixture Toxicity of Three Organic UV-Filters, Ethylhexyl Methoxycinnamate, Octocrylene, and Avobenzone on Daphnia Magna." 137 Ecotoxicology and Environmental Safety 57-63 (Mar. 2017), https://www.researchgate.net/publication/311425878_Single-_and_mixture_toxicity_of_three_organic_UV-filters_ethylhexyl_methoxycinnamate_octocrylene_and_avobenzone_on_Daphnia_magna (last accessed Oct. 10, 2021); McCoshum, Shaun M., et al. "Direct and Indirect Effects of Sunscreen Exposure for Reef Biota," 776 Hydrobiologia 139-46 (Issue no. 1, Aug. 2016), https://www.researchgate.net/publication/299423358_Direct_and_indirect_effects_of_sunscreen_exposure_for_reef_biota (accessed Sept. 29, 2021); Slijkerman, D. M. E., and M. Keur, "Sunscreen Ecoproducts: Product Claims, Potential Effects and Environmental Risks of Applied UV Filters," Wageningen Marine Research (2018), https://research.wur.nl/en/publications/sunscreen-ecoproducts-product-claims-potential-effects-and-enviro (last accessed Oct. 10, 2021).
[20] "The Trouble with Ingredients In Sunscreen," Environmental Working Group, https://www.ewg.org/sunscreen/report/the-trouble-with-sunscreen-chemicals/ (last accessed on Oct. 10, 2021).
[21] Ouchene, Lydia, et al. "Hawaii and Other Jurisdictions Ban Oxybenzone or Octinoxate Sunscreens Based on the Confirmed Adverse Environmental Effects of Sunscreen Ingredients in Aquatic Environments,: *Journal of Cutaneous Medicine and Surgery*, Nov. 2019, p. 648, doi: 10.1177/1200475419871592 (last accessed Oct. 10, 2021).
[22] *Id.*

SECOND AMENDED CLASS ACTION COMPLAINT

ecological concerns about sun care products (such as sunscreens and sun blocks), consumers have increasingly sought out products that are reef-safe and otherwise cannot harm reefs, including coral reefs and the marine life that inhabits and depends on them. As a result, sales have surged in recent years for consumer personal care and sun care products advertised with "reef safe," "reef friendly," "reef conscious," and similar claims.

### B.  The Products' Misleading and Deceptive Labeling

21.    **Products.** As described *supra*, Defendant manufactures, markets, advertises, labels, packages, and sells the Products.

22.    **Challenged Representations on Products' Labels.** Also as described *supra*, Defendant falsely and misleadingly labels the Products with the Challenged Representation. The Challenged Representation is conspicuous. It is prominently placed on each Product's primary display panel of the front label or packaging. The front primary display panel contains scant imagery and information about the Products, largely limited to the brand name, identity of the product (e.g., sunscreen), and one or a few claims about the Products' attributes (e.g., size). The Challenged Representation is stated in clear, legible, and highly visible font, including a relatively large typeface that starkly contrasts with the background color and imagery. The net-effect or net-impression on consumers who view the Products is that their attention is drawn to the Challenged Representation. *See* **Exhibit 1** [Product Images].

23.    **Consumers' Reasonably Rely on the Challenged Representation.** Based on the Challenged Representation, reasonable consumers believe that the Products are safe for reefs. Put differently, reasonable consumers believe the Products do not contain any ingredients that can harm reefs, including coral reefs and the marine life that inhabits and relies on them, as a result of the Challenged Representations.

24.    **Harmful Chemicals Contained in the Products.** In spite of the Products labeling, they contain Harmful Ingredients, including avobenzone, homosalate, octisalate, and/or octocrylene, which are chemicals that harm reefs, including coral reefs and the marine life that inhabits them. As summarized below, the Products contain the following Harmful Ingredients:

/ / /

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a. **Bondi Sands Fragrance Free Sunscreen (Lotion, SPF 30, SPF 50, All Sizes)**

| | |
|---|---|
| Avobenzone | 3% |
| Homosalate | 10% |
| Octisalate | 5% |
| Octocrylene | 8% |

*See* **Exhibit 1-3**

b. **Bondi Sands Fragrance Free Sunscreen (Spray, SPF 30, 5.64 oz)**

| | |
|---|---|
| Avobenzone | 1.8% |
| Homosalate | 6% |
| Octisalate | 3% |
| Octocrylene | 4.8% |

*See* **Exhibit 1-4**

c. **Bondi Sands Fragrance Free Sunscreen (Spray, SPF 50, 5.64 oz)**

| | |
|---|---|
| Avobenzone | 1.8% |
| Homosalate | 9% |
| Octisalate | 3% |
| Octocrylene | 6% |

*See* **Exhibit 1-5**

25.    **Avobenzone/Butyl Methoxydibenzoylmethane.** Avobenzone is typically used in the place of oxybenzone, another harmful chemical ingredient. When avobenzone is exposed to ultraviolet light the compound degrades and causes damage to coral reefs and aquatic life.[23] Butyl methoxydibenzoylmethane is a synonym for Avobenzone.[24]

26.    **Octocrylene**. Octocrylene produces benzophenone, which is a mutagen, carcinogen, and endocrine disruptor.[25] It is associated with a wide range of toxicities, including genotoxicity, carcinogenicity, and endocrine disruption. Octocrylene has been shown to accumulate in various types of aquatic life and cause DNA damage, developmental abnormalities, and adverse

---

[23] Ruszkiewicz, Joanna, et al. "Neurotoxic effect of active ingredients in sunscreen products, a contemporary review," *PMC*, doi: 10.10/16/j.toxrep.2017.05, May 2017, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5615097/#bib0635 (last accessed Oct. 10, 2021).

[24] "Avobenzone" PubChem, https://pubchem.ncbi.nlm.nih.gov/compound/Avobenzone (last accessed on Oct. 11, 2021).

[25] "Octocrylene"         *Environmental         Working         Group,* https://www.ewg.org/skindeep/ingredients/704206-OCTOCRYLENE_(last accessed on Oct. 10, 2021).

SECOND AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

reproductive effects.[26] Bioaccumulation of this chemical leads to endocrine disruption, alteration of gene transcription, and developmental toxicity in fish, dolphins, sea urchins, and other marine life.[27] In addition, octocrylene adversely impacts coral reefs, even at low concentrations, by accumulating in coral tissue and triggering mitochondrial dysfunction.[28]

27.   **Homosalate.** Homosalate also has harmful effects similar to octocrylene. Homosalate impacts the bodies hormone system, particularly the estrogen system. This hormone disruption, as well as pesticide disruption, are also cause harm to the coral reefs and aquatic organisms.[29]

28.   **Octisalate/Octyl Salicylate.** Octisalate also has similar harmful effects to the environment and coral reefs. Octisalate is frequently detected in coral reefs and, unfortunately, common wastewater treatments cannot remove this chemical, leading octisalate to accumulate and negatively affect the coral reef ecosystems and marine organisms.[30] The toxicity of this chemical contributes to the bleaching of coral reefs, which ultimately leads to coral extinction.[31] Octyl salicylate is a synonym for octisalate.[32]

29.   **True Reef Safe Sunscreens.** True reef-safe sun care products do not contain any ingredients that can harm reefs, including the coral reefs and the marine life that inhabits and

[26] Gago-Ferrero, Pablo, et al. "First Determination of UV Filters in Marine Mammals. Octocrylene Levels in Franciscana Dolphins," *Environmental Science & Technology*, vol. 47, no. 11, American Chemical Society, June 2013, pp. 5619–25, doi:10.1021/es400675y (last accessed Oct. 10, 2021); Zhang, Qiuya Y., et al. "Assessment of Multiple Hormone Activities of a UV-Filter (Octocrylene) in Zebrafish (Danio Rerio)," *Chemosphere*, vol. 159, Sept. 2016, pp. 433–41, *ScienceDirect*, doi:10.1016/j.chemosphere.2016.06.037 (last accessed Oct. 10, 2021).
[27] Blüthgen, Nancy, et al. "Accumulation and Effects of the UV-Filter Octocrylene in Adult and Embryonic Zebrafish (Danio Rerio)," *The Science of the Total Environment*, vol. 476–477, Apr. 2014, pp. 207–17, *PubMed*, doi:10.1016/j.scitotenv.2014.01.015 (last accessed Oct. 10, 2021).
[28] Stien, Didier, et al. "Metabolomics Reveal That Octocrylene Accumulates in *Pocillopora Damicornis* Tissues as Fatty Acid Conjugates and Triggers Coral Cell Mitochondrial Dysfunction," *Analytical Chemistry*, vol. 91, no. 1, Jan. 2019, pp. 990–95, *DOI.org (Crossref)*, doi:10.1021/acs.analchem.8b04187 (last accessed Oct. 10, 2021).
[29] "EWG's Sunscreen Guide," EWG, https://www.ewg.org/sunscreen/report/executive-summary/ (last accessed Sept. 29, 2021); "Homosalate," Campaign for Safe Cosmetics, https://www.safecosmetics.org/get-the-facts/chemicals-of-concern/homosalate/ (last accessed Oct. 10, 2021).
[30] Ouchene, Lydia, et al. "Hawaii and Other Jurisdictions Ban Oxybenzone or Octinoxate Sunscreens Based on the Confirmed Adverse Environmental Effects of Sunscreen Ingredients on Aquatic Environments,: *Journal of Cutaneous Medicine and Surgery*, Nov. 2019, p. 648, doi: 10.1177/1200475419871592 (last accessed Oct. 10, 2021).
[31] *Id.*
[32] "Octisalate" *MedChemExpress*, https://www.medchemexpress.com/Octisalate.html (last accessed Oct. 11, 2021).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

depends on them. Many environmental organizations have favored mineral active ingredients that provide sun protection, such as zinc oxide and titanium dioxide, because they have not been determined unsafe for people, the environment, or aquatic life, like reefs. However, manufacturers, such as Defendant, "greenwash" their products by labeling them with environmentally and eco-friendly claims, such as the Challenged Representations, to charge consumers with a premium for reef-safe products, gain an unfair advantage over their competitors, and defraud consumers into buying the Products even though they contain Harmful Ingredients that can harm reefs, including coral reefs and the marine life that inhabits and depends on them.

**C.  Plaintiff and Reasonable Consumers Were Misled by the Products**

30.     **Deception.** Defendant's labeling and advertising of the Products with the Challenged Representation, when they are not reef-safe because they contain the Harmful Ingredients, which can harm reefs, including coral reefs and/or the marine life that inhabits and depends on them, misleads and deceives reasonable consumers, including Plaintiff, into purchasing the Products to their financial detriment.

31.     **Misrepresentation/Omission.** As set forth herein, the Challenged Representation misrepresents that the Products do not contain ingredients that are unsafe for reefs and that the Products' ingredients otherwise could not harm reefs, including coral reefs and the marine-life that inhabits and depends them, because the Products actually contain Harmful Ingredients that are unsafe for, and can otherwise harm, reefs, including coral reefs and/or the marine life that inhabits and depends on them.

32.     **Material.** The Challenged Representation was and is material to reasonable consumers, including Plaintiff, in making the decision to purchase the Products, as set forth herein.

33.     **Reliance.** Reasonable consumers, including Plaintiff, relied on the Challenged Representation in deciding to purchase the Products, as set forth herein.

34.     **Consumers Lack Knowledge of Falsity.** Consumers, including Plaintiff, who purchased the Products, did not know, and had no reason to know, at the time of purchase that the Products' Challenged Representation was false, misleading, deceptive, and unlawful as set forth herein.

35.     **Defendant' Knowledge.** Defendant knew, or should have known, that the Challenged Representation was false, misleading, deceptive, and unlawful, at the time that Defendant manufactured, marketed, advertised, labeled, and sold the Products using the Challenged Representations, and Defendant intentionally and deliberately used the Challenged Representations to cause Plaintiff and similarly situated consumers to buy them believing that the Products are safe for, and otherwise could not harm, reefs (including coral reefs and the marine life that inhabits and depends on them). The conspicuousness of the Challenged Representation on the Products' labels and repeated use of the Challenged Representation in advertisements demonstrate Defendant's awareness of the materiality of this representations and understanding that consumers prefer and are motivated to buy products that conform to the Challenged Representation. Generally, manufacturers and marketers repeat marketing messages to emphasize and characterize a brand or product line. Similarly, they reserve the front primary display panel of labels on consumer products of similar dimensions for the most important and persuasive information that they believe will motivate consumers to buy the products. Defendant, as the manufacturer, formulated the Products with the Harmful Ingredients and otherwise approved their inclusion in the Products. Defendant, as the manufacturer, had exclusive control over the Challenged Representation's inclusion on the Products' labels and in their advertisements—i.e., Defendant readily and easily could have removed the Challenged Representation or refrained from using it on the labels and advertisements of the Products. Defendant is and was, at all times, statutorily required to ensure it has adequate substantiation for the Challenged Representation prior to labeling the Products, advertising the Products, and selling the Products anywhere in the United States. Here, adequate substantiation and compliance with regulatory law require reliable scientific evidence that supports such far-reaching environment-friendly and/or eco-friendly claims as the Challenged Representation. Thus, Defendant knew, or should have known, at all relevant times, that the Challenged Representations are false and/or deceptive and reasonable consumers, such as Plaintiff, are being misled into buying the Products based on the belief that the Challenged Representations.

36.     **Detriment.** Plaintiff and similarly situated consumers would not have purchased the Products, or would not have purchased the Products for as great a price, if they had known that the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Challenged Representations were false and, therefore, the Products did not have the attribute claimed, promised, warranted, advertised, and represented. Accordingly, based on Defendant's material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

**D.  The Products are Substantially Similar**

37.     As described herein, Plaintiff purchased the Purchased Product. The additional Products identified above in paragraph 4 *supra* (collectively, the "**Unpurchased Products**") are substantially similar to the Purchased Product.

a. **Defendant.** All Products are manufactured, sold, marketed, advertised, labeled, and packaged by Defendant.

b. **Brand.**  All Products are sold under the same brand name: Bondi Sands.

c. **Marketing Demographics.**  All Products are marketed directly to consumers for personal use.

d. **Purpose.**  All Products are sun care products primarily designed to provide protection from the sun.

e. **Application.**  All Products are applied in the same manner—topically; directly onto the skin, lips, and/or body surfaces.

f. **Misrepresentations.**  All Products contain the same the same Challenged Representation conspicuously and prominently placed on the primary display panel of the front label.

g. **Packaging.** All Products are packaged in similar packaging.

h. **Key Ingredients.**  All Products contain a combination of the same Harmful Ingredients.

i. **Misleading Effect.**  The misleading effect of the Challenged Representation on consumers is the same for all Products—consumers pay for reef-safe products, but receive products that are not reef-safe and otherwise can harm reefs, including coral reefs and the marine life that inhabits and depends on them.

1

**E.   No Adequate Remedy at Law**

2     38.     **No Adequate Remedy at Law.** Plaintiff and members of the Class are entitled to

3   equitable relief as no adequate remedy at law exists.

4          a.   **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive

5              relief is appropriate on behalf of Plaintiff and members of the Class because

6              Defendant continues to misrepresent the Products with the Challenged

7              Representation. Injunctive relief is necessary to prevent Defendant from

8              continuing to engage in the unfair, fraudulent, and/or unlawful conduct described

9              herein and to prevent future harm—none of which can be achieved through

10             available legal remedies (such as monetary damages to compensate past harm).

11             Further, injunctive relief, in the form of affirmative disclosures is necessary to

12             dispel the public misperception about the Products that has resulted from years of

13             Defendant's unfair, fraudulent, and unlawful marketing efforts.  Such disclosures

14             would include, but are not limited to, publicly disseminated statements that the

15             Products Challenged Representation is not true and providing accurate

16             information about the Products' true nature; and/or requiring prominent

17             qualifications and/or disclaimers on the Products' front label concerning the

18             Products' true nature.  An injunction requiring affirmative disclosures to dispel

19             the public's misperception, and prevent the ongoing deception and repeat

20             purchases based thereon, is also not available through a legal remedy (such as

21             monetary damages). In addition, Plaintiff is *currently* unable to accurately

22             quantify the damages caused by Defendant's future harm, because discovery and

23             Plaintiff's investigation have not yet completed, rendering injunctive relief all the

24             more necessary. For example, because the court has not yet certified any class, the

25             following remains unknown: the scope of the class, the identities of its members,

26             their respective purchasing practices, prices of past/future Product sales, and

27             quantities of past/future Product sales.

28          b.   **Public Injunction.** Further, because a "public injunction" is available under the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

## CLASS ACTION ALLEGATIONS

39. **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products for purposes other than resale ("**Nationwide Class**"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products for purposes other than resale ("**California Subclass**").

("Nationwide Class" and "California Subclass," collectively, "**Class**").

40. **Class Definition Exclusions.** Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

41. **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

42. **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

43. **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

SECOND AMENDED CLASS ACTION COMPLAINT

a.   Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b.   Whether Defendant's conduct of advertising and selling the Products as containing only reef friendly ingredients when they do not constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

c.   Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

d.   Whether Defendant represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq*.;

e.   Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq*.;

f.   Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

g.   Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

h.   Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

i.   Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

j.   Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

k.   Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.   How much more money Plaintiff and the Class paid for the Products than they actually received;

m.   Whether Defendant's conduct constitutes breach of warranty;

n.   Whether Plaintiff and the Class are entitled to injunctive relief; and

o.   Whether Defendant was unjustly enriched by their unlawful conduct.

44.   **Typicality**:  Plaintiff's claims are typical of the claims of the Class Members he seeks to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct.  Plaintiff's and

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

45.    **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

46.    **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.    The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

c.    Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.    When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

47.    **Inconsistent Rulings.** Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

48.    **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or

21

SECOND AMENDED CLASS ACTION COMPLAINT

refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

49. **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**COUNT ONE**

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

**(*On Behalf of the California Subclass*)**

50. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

51. **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq.*, on behalf of Plaintiff and a California Subclass who purchased the Products within the applicable statute of limitations.

52. **The UCL.** California Business & Professions Code, sections 17200, *et seq.* (the **"UCL"**) prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

53. **False Advertising Claims.** Defendant, in its advertising and packaging of the Products, made false and misleading statements and fraudulent omissions regarding the quality and characteristics of the Products—specifically, the Reef Friendly Representation—despite the fact the Products contain chemical ingredients that can harm and/or kill coral reefs. Such claims and omissions appear on the label and packaging of the Products, which are sold at retail stores and point-of-purchase displays.

54. **Defendant's Deliberately False and Fraudulent Marketing Scheme.** Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's packaging or labeling because the Products contain ingredients that can cause harm and/or kill coral reefs. Defendant knew and knows that the Products are not truly

reef friendly sunscreens, though Defendant intentionally advertised and marketed the Products to deceive reasonable consumers into believing that Products contain only ingredients that are safe for coral reefs.

55.    **False Advertising Claims Cause Purchase of Products.** Defendant's labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiff, believing that the Products are truly reef friendly and do not harm and/or kill coral reefs.

56.    **Injury in Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendant's False Advertising Claims—namely Plaintiff and the California Subclass lost the purchase price for the Products they bought from the Defendant.

57.    **Conduct Violates the UCL.** Defendant's conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."  Cal. Bus & Prof. Code § 17200. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

58.    **No Reasonably Available Alternatives/Legitimate Business Interests.** Defendant failed to avail themselves of reasonably available, lawful alternatives to further their legitimate business interests.

59.    **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until Defendant voluntarily alters its conduct or Defendant is otherwise ordered to do so.

60.    **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535,

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5

Plaintiff and the members of the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of labeling and advertising the sale and use of the Products. Likewise, Plaintiff and the members of the California Subclass seek an order requiring Defendant to disclose such misrepresentations, and to preclude Defendant's failure to disclose the existence and significance of said misrepresentations.

6
7
8
9
10
11
12

61.     **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the UCL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

62.     **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiff and the California Subclass. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

SECOND AMENDED CLASS ACTION COMPLAINT

## A. "Unfair" Prong

63.     **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

64.     **Injury.** Defendant's action of mislabeling the Products with the Challenged Representation does not confer any benefit to consumers; rather, doing so causes injuries to consumers, who do not receive products commensurate with their reasonable expectations, overpay for the Products, and receive Products of lesser standards than what they reasonably expected to receive. Consumers cannot avoid any of the injuries caused by Defendant's deceptive labeling and advertising of the Products. Accordingly, the injuries caused by Defendant's deceptive labeling and advertising outweigh any benefits.

65.     **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012).

66.     **No Utility.** Here, Defendant's conduct of labeling the Products with the Reef Friendly Representation when the Products contain harmful chemical ingredients that harm and/or kill coral reefs has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

67.     **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

68.     **Unfair Conduct.** Defendant's labeling and advertising of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendant knew or should have known of its unfair conduct. Defendant's misrepresentations constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

69.     **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Reef Friendly Representation.

70.     **Defendant's Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

71.     **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of labeling the Products with the Reef Friendly Representation.

### B.  "Fraudulent" Prong

72.     **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

73.     **Fraudulent & Material Challenged Representations.** Defendant used the Reef Friendly Representation with the intent to sell the Products to consumers, including Plaintiff and the California Subclass. The Challenged Representation is false and Defendant knew or should have known of its falsity. The Challenged Representation is likely to deceive consumers into purchasing the Products because they are material to the average, ordinary, and reasonable consumer.

74.     **Fraudulent Business Practice.** As alleged herein, the misrepresentations by Defendant constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

75.     **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass reasonably and detrimentally relied on the material and false Challenged Representation to their detriment in that they purchased the Products.

76.     **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Reef Friendly Representation.

77.     **Business Practice.** All of the conduct alleged herein occurs and continues to occur in

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

78.     **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of labeling the Products with the Reef Friendly Representation.

### C. "Unlawful" Prong

79.     **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

80.     **Violations of CLRA.** Defendant's labeling of the Products, as alleged herein, violates California Civil Code sections 1750, *et seq.* (the "**CLRA**") as set forth below

81.     **Additional Violations.** Defendant's conduct in making the false representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code sections 17200-17208. Additionally, Defendant's misrepresentations of material facts, as set forth herein, violate California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

82.     **Unlawful Conduct.** Defendant's packaging, labeling, and advertising of the Products, as alleged herein, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct. Defendant knew or should have known of its unlawful conduct.

83.     **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Reef Friendly Representation.

84.     **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

SECOND AMENDED CLASS ACTION COMPLAINT

85. **Injunction.** Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.

**COUNT TWO**

**Violation of California False Advertising Law**

**(Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**

***(On Behalf of the California Subclass*)**

86. **Incorporation by reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

87. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

88. **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

89. **False & Material Challenged Representations Disseminated to Public.** Defendant violated section 17500 when it advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Reef Friendly Representation disseminated to the public through the Products' labeling, packaging and advertising. These representations were false because the Products do not conform to them. The representations were material because they are likely to mislead a reasonable consumer into purchasing the Products.

90. **Knowledge.** In making and disseminating the representations alleged herein, Defendant knew or should have known that the representations were untrue or misleading, and acted in violation of § 17500.

91. **Intent to sell.** Defendant's Challenged Representation was specifically designed to induce reasonable consumers, like Plaintiff and the California Subclass, to purchase the Products.

92. **Injunction.** Pursuant to Business and Professions Code Section 17535, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## COUNT THREE

### Violation of California Consumers Legal Remedies Act

### (Cal. Civ. Code §§ 1750, *et seq.*)

### (*On Behalf of the California Subclass*)

93.     **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

94.     **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

95.     **CLRA Standard.** The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

96.     **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

97.     **Defendant.** Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

98.     **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

99.     **Transactions.** The purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code section 1761(e).

100.     **Violations of the CLRA.** Defendant violated the following sections of the CLRA by selling the Products to Plaintiff and the California Subclass through the false, misleading, deceptive, and fraudulent Challenged Representation:

a. Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have."

b. Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . [when] they are of another."

c. Section 1770(a)(9) by advertising the Products "with [the] intent not to sell them as advertised."

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

101. **Knowledge.** Defendant's uniform and material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading.

102. **Malicious.** Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally misled and withheld material information from consumers, including Plaintiff, to increase the sale of the Products.

103. **Plaintiff Could Not Have Avoided Injury.** Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of the facts that Defendant suppressed and failed to disclose, and Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

104. **Causation/Reliance/Materiality.** Plaintiff and the California Subclass suffered harm as a result of Defendant's violations of the CLRA because they relied on the Challenged Representation in deciding to purchase the Products. The Challenged Representation was a substantial factor. The Challenged Representation was material because a reasonable consumer would consider it important in deciding whether to purchase the Products.

105. **Section 1782— Prelitigation Demand/Notice.** More than thirty days prior to the filing of this First Amended Complaint, on October 11, 2021, Plaintiff's Counsel, acting on behalf of Plaintiff and members of the Class, mailed a Demand Letter and enclosed a draft of the originally-filed complaint, pursuant to California Civil Code Section 1782, via U.S. certified mail, return receipt requested, addressed to Bondi Sands at its registered agent for service of process registered with the California Secretary of State (Paracorp Incorporated, 2804 Gateway Oaks Dr. #100, Sacramento, CA 95833), which was delivered to that address on or about October 15, 2021. *See* **Exhibit 2** (Demand Letter, USPS Tracking History).

106. **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to,

1  the amounts paid for the Products, and any interest that would have accrued on those monies, in an

2  amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of this Act

3  in the form of damages to compensate Plaintiff and the California Subclass for said monies.

4      107.  **Injunction.** Given that Defendant's conduct violated California Civil Code section

5  1780, Plaintiff and members of the California Subclass are entitled to seek, and do hereby seek,

6  injunctive relief to put an end to Defendant's violations of the CLRA and to dispel the public

7  misperception generated, facilitated, and fostered by Defendant's false advertising campaign.

8  Plaintiff has no adequate remedy at law. Without equitable relief, Defendant's unfair and deceptive

9  practices will continue to harm Plaintiff and the California Subclass. Accordingly, Plaintiff seeks

10 an injunction to enjoin Defendant from continuing to employ the unlawful methods, acts, and

11 practices alleged herein pursuant to section 1780(a)(2), and otherwise require Defendant to take

12 corrective action necessary to dispel the public misperception engendered, fostered, and facilitated

13 through Defendant's False Advertising Claims.

14     108.  **Punitive Damages.** Defendant's unfair, fraudulent, and unlawful conduct described

15 herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive

16 damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the

17 intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving.

18 Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant

19 were, at all times, aware of the probable dangerous consequences of their conduct and deliberately

20 failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as,

21 at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people

22 would look down upon it and/or otherwise would despise such corporate misconduct. Said

23 misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of

24 their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally

25 misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers.

26 The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized,

27 adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

28 Accordingly, Plaintiff seeks an award of punitive damages against Defendant.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## COUNT FOUR

### Breach of Warranty

#### (*On Behalf of the Nationwide Class and California Subclass*)

109.  **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

110.  **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

111.  **Express Warranty.** By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class and Defendant. Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products, among other things, conform to the Challenged Representations.

112.  **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant---to wit, that the Products, among other things, conform to the Challenged Representations.

113.  **Breach of Warranty.** Contrary to Defendant's warranties, the Products do not conform to the Challenged Representations and, therefore, Defendant breached its warranties about the Products and their qualities.

114.  **Causation/Remedies.** As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the

1   Products, and any interest that would have accrued on those monies, in an amount to be proven at

2   trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages,

3   to compensate Plaintiff and the Class for said monies, as well as injunctive relief to

4   enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

5        115.   **Punitive Damages.**  Plaintiff seeks punitive damages pursuant to this cause of action

6   for breach of warranty on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and

7   unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct

8   warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious

9   as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they

10  were not, in fact, receiving.  Defendant willfully and knowingly disregarded the rights of Plaintiff

11  and consumers as Defendant was aware of the probable dangerous consequences of its conduct and

12  deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is

13  oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that

14  reasonable people would look down upon it and/or otherwise would despise such misconduct.  Said

15  misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of

16  their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally

17  misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers.

18  The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized,

19  adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

20  **PRAYER FOR RELIEF**

21       116.   WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

22  prays for judgment against Defendant as follows:

23       a.   **Certification:** For an order certifying this action as a class action, appointing Plaintiff
24         as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

25       b.   **Declaratory Relief:** For an order declaring that Defendant's conduct violates the
       statutes and laws referenced herein;

26       c.   **Injunction:** For an order requiring Defendant to immediately cease and desist from
27         selling the unlawful Products in violation of law; enjoining Defendant from
       continuing to market, advertise, distribute, and sell the Products in the unlawful
28         manner described herein; requiring Defendant to engage in an affirmative advertising
       campaign to dispel the public misperception of the Products resulting from

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

Defendant's unlawful conduct; and requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted;

2

d. **Damages:** For an order awarding monetary compensation in the form of damages, to Plaintiff and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

3

4

e. **Punitive Damages/Penalties:** For an order awarding punitive damages, statutory penalties, and/or monetary fines, consistent with permissible law and pursuant to only those causes of action so permitted;

5

6

f. **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

7

8

g. **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

9

10

h. **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

11

12   Dated: July 19, 2022

Respectfully submitted,
**CLARKSON LAW FIRM, P.C.**
By:
  */s/ Katherine A. Bruce*
RYAN J. CLARKSON
SHIREEN M. CLARKSON
KATHERINE A. BRUCE
KELSEY J. ELLING

13

14

15

16

17

**BURSOR & FISHER, P.A.**
By:
*/s/Brittany Scott*
NEAL J DECKANT
BRITTANY S. SCOTT

18

19

20

**FARUQI & FARUQI, LLP**
By:
*/s/Benjamin Heikali*
BENJAMIN HEIKALI

21

22

23

*Attorneys for Plaintiff*

24

25

26

27

28

34

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable.


Dated: July 19, 2022                                        Respectfully submitted,

                                                            **CLARKSON LAW FIRM, P.C.**
                                                            By:

                                                             */s/ Katherine A. Bruce*
                                                            RYAN J. CLARKSON
                                                            SHIREEN M. CLARKSON
                                                            KATHERINE A. BRUCE
                                                            KELSEY J. ELLING


                                                            **BURSOR & FISHER, P.A.**
                                                            By:
                                                            */s/Brittany Scott*
                                                            NEAL J DECKANT
                                                            BRITTANY S. SCOTT


                                                            **FARUQI & FARUQI, LLP**
                                                            By:
                                                            */s/Benjamin Heikali*
                                                            BENJAMIN HEIKALI


                                                            *Attorneys for Plaintiff*

SECOND AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265